UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN H. RING, III, *as Chapter 7 Trustee*,

                          Appellant,
v.                                                    **DECISION AND ORDER**
                                                              09-CV-398S

NEAL J. McDONALD and
DOLORES K. MCDONALD,

                          Appellees.

## I. INTRODUCTION

The Chapter 7 Trustee appeals the bankruptcy court's decision to grant the Debtors' Motion to Compel the Trustee to return insurance policy proceeds. The bankruptcy court held that certain insurance policy proceeds that were previously turned over to the Trustee were exempt and must therefore be returned to the Debtors. The Trustee contends that the bankruptcy court erred because its July 11, 2008 order granting turnover is a final order that the Debtors did not appeal, and which resolves the exempt nature of the proceeds. For the reasons stated below, the bankruptcy court's decision is affirmed.

## II. BACKGROUND

The Debtors filed a joint Chapter 7 petition on April 24, 2008. At that time, they did not claim an exemption for the cash surrender value of their reciprocal whole life insurance policies. The Trustee filed an application pursuant to Bankruptcy Code section 542 and Fed. R. Bankr. P. 9014 for an order directing the Debtors to turn over to the Trustee the non-exempt cash surrender value of these policies. The Trustee's application was

1

unopposed, and by order entered July 11, 2008, the bankruptcy court granted the application. The Debtors did not appeal the bankruptcy court's order, and thereafter turned over the non-exempt cash value of the policies to the Trustee.

While this matter was before the bankruptcy court, the case of <u>Wornick v. Gaffney</u> was pending in the Second Circuit Court of Appeals. 544 F.3d 486 (2d Cir. 2008). On September 2, 2008, the <u>Wornick</u> court held that the "inchoate interest that a spouse beneficiary holds in a reciprocal life insurance policy does not constitute an asset of the beneficiary's [bankruptcy] estate." <u>Id.</u> at 488. This decision reversed existing law in the Western District of New York.

When the Debtors learned of the decision in <u>Wornick</u>, they amended their Schedule C - Property Claimed as Exempt to include their reciprocal insurance policies' cash value. They also filed a motion to relieve party from an Order ("Debtors' Motion"), seeking relief from the bankruptcy court's July 11, 2008 order pursuant to Fed. R. Civ. P. 60(b). The Debtors also sought to have the bankruptcy court compel the Trustee to return the funds they had turned over.

The Trustee opposed the Debtors' Motion on the grounds that they failed to contest or object to the Trustee's turnover application and failed to appeal the July 8, 2008 order granting that application.

The bankruptcy court granted the Debtor's Motion on March 11, 2009. This timely appeal followed.

## III. DISCUSSION

### A. Standard of Review

The bankruptcy court's order, which turns on a legal conclusion, is reviewed *de novo*. Porges v. Gruntal & Co., Inc. (In re Porges), 44 F.3d 159, 162 (2d Cir. 1995); In re Thompson, 217 B.R. 375, 378 (2d Cir. B.A.P. 1998). The bankruptcy court's determinations are examined independently, but reviewed under a deferential standard and reversed only if clearly erroneous. Brody v. Brody (In re Brody), 3 F.3d 35 (2d Cir. 1993).

### B. Analysis

At issue is whether the bankruptcy court correctly concluded that the Debtors are entitled to the return of funds previously turned over to the Trustee. The Trustee argued that the bankruptcy court's July 11, 2008 order finally resolved whether the life insurance policies were exempt, and that the Debtors, having failed to appeal that order, were foreclosed from claiming an exemption.

In ruling on the Debtors' Motion, the bankruptcy court discussed the effect of the decision in Wornick on whether reciprocal life insurance policies are fully exempt under New York law. Before that decision, and while the Trustee's turnover application was pending, they were not. The bankruptcy court noted the Debtors' decision to not claim an exemption in their ownership interests in the two life insurance policies, and their decision to not oppose the Trustee's turnover application.

In granting the Debtors' Motion, the bankruptcy court reasoned that the exempt

nature of the Debtors' insurance policies had never been determined, observing that the July 11, 2008 order, required the turnover of property, but did not resolve any claims to that property. The court noted that a turnover order enforces the rights of a trustee pursuant to Bankruptcy Code section 542, which provides in pertinent part that

> an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property . . .

11 U.S.C. § 542(a). This provision allows the turnover of any estate property, both that which the trustee will administer and exempt property that the trustee must return to the debtor.

As stated by the bankruptcy court, a turnover order does not determine whether property is exempt, but rather, places it in the possession of the trustee until its disposition is finally resolved. Since section 542 contemplates the return of exempt assets, the bankruptcy court reasoned, it impliedly allows the return of those assets after the exempt nature of the property is determined. Fed. R. Bankr. P. 1009(a) allows amendment of schedules at any time before the case is closed, and the bankruptcy court concluded that the Debtors' amendment of their Schedule C was proper, and that they could recover the cash values of their insurance policies previously turned over to the Trustee.

Whether a decision ordering the turnover of property determines the exempt nature of that property where no exemption has been claimed was considered by the Tenth Circuit in In re Scrivner, 535 F.3d 1258 (10th Cir. 2008). There the court stated that where the debtors did not claim an exemption,

> the bankruptcy court did not consider the question of whether the distributions are exempt under state law when it resolved the trustee's

4

turnover motion. Thus, we disagree with the BAP's conclusion that the bankruptcy court implicitly determined that the distributions are estate property. Rather, the bankruptcy court treated the funds as estate property because the debtors had not properly claimed an exemption.

Id. at 1267.

This reasoning is persuasive and supports the bankruptcy court's analysis and decision. The appeal is therefore denied.

### IV. CONCLUSION

For the reasons stated above, the bankruptcy court's decision granting the Debtors' Motion to relieve party from an Order is affirmed.

### V. ORDERS

IT HEREBY IS ORDERED, that Appellant's Appeal (Docket No. 1) is DENIED.

FURTHER, that the Bankruptcy Court's decision is AFFIRMED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:	March 23, 2010
	Buffalo, New York

    /s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court